FILED
GREAT FALLS DIV.

'06 SEP 18 AM 11 55

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| NORTHERN MONTANA CARE CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL O. LEAVITT, Secretary of the U.S. Department of Health and Human Services; and MARK B. McCLELLAN, Administrator, Centers for Medicare and Medicaid Services,<br><br>Defendants. | No. CV 04-97-GF-SEH<br><br>ORDER |

United States Magistrate Judge Carolyn S. Ostby entered Findings and Recommendation[1] and Order in this matter on June 30, 2006. Plaintiff filed objections[2] on July 14, 2006. Defendants filed objections[3] on July 17, 2006. The Court reviews *de novo* the findings and recommendation to which objections are made. 28 U.S.C. § 636(b)(1).

Judge Ostby found:

---

[1] Docket No. 39

[2] Docket No. 40

[3] Docket No. 41

-1-

> [T]he ALJ's finding that CMS was authorized to impose the DPNA remedy because NMCC was not in substantial compliance with at least three of its participation requirements was not "arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law" 5 U.S.C. § 706(2)(A).

(Findings and Recommendations and Order at 12 (June 30, 2006)(Findings).)

> [T]he ALJ's decision granting CMS' motion to strike discussion of the F-221 deficiency was not arbitrary and capricious, nor was it an abuse of discretion, or otherwise not in accordance with the law.

(Findings at 16.)

> [B]ecause Defendants had a factual and regulatory basis for their imposition of the DPNA remedy, this Court cannot conclude the Defendants' decision regarding the choice of penalty was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law.

(Findings at 17.)

> [T]he Plaintiffs had offered no argument to show that they were entitled to the continued participation in Medicare/Medicaid programs and therefore had no property interest. Without a recognized property interest in the continued participation in Medicare/Medicaid programs, NMCC cannot claim that the ALJ's decision not to rule on all of its deficiencies was a violation of due process.

(Findings at 19.)

> [T]his Court finds the NMCC's argument on this claim [concerning the survey materials] to be without merit.

(Findings at 21.)

> Defendants' regulation allowing for the use of trainees as actual surveyors is contrary to the statute [42 U.S.C. § 1395i-3(g)(2)(E)(iii)].

(Findings at 26.)

> (7) NMCC does not have a due process right to have all remaining nine unresolved deficiency citations adjudicated. Given these rulings, this Court must conclude that awarding NMCC the relief it requests would have no effect.

(Findings at 26.)

Judge Ostby recommended: (1) Defendants' Motion for Summary Judgment[4] be granted; and (2) Plaintiff's Motion for Summary Judgment[5] be denied.

After *de novo* review of the record and after considering the Plaintiff's and Defendants' objections, I adopt in full the Findings and Recommendations of Judge Ostby. The findings are detailed and specific. Analysis of the issues was careful and meticulous. The positions of the parties were fully addressed. I find no error in the Findings and Recommendations.

ORDERED:

1. Defendants' Motion for Summary Judgment is GRANTED.

2. Plaintiff's Motion for Summary Judgment is DENIED.

DATED this 18th day of September, 2006.

*/s/ Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[4] Docket No. 25

[5] Docket No. 20.